

DA 10-0544

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 86N

IN THE MATTER OF:

K.J.D.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DN 08-23
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Koan Mercer, Assistant
Appellate Defender; Helena, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Services Bureau Chief; Helena, Montana

Submitted on Briefs:  March 23, 2011

Decided:  April 20, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Father K.D. appeals from the Second Judicial District Court's order terminating his parental rights to his child, K.J.D. Father asserts that his rights were terminated in violation of constitutional and statutory requirements and that he was denied effective assistance of counsel during the proceeding.

¶3 K.J.D. was removed from the home upon the Department of Public Health and Human Services' petition for emergency services and temporary investigative authority after it was learned that K.J.D.'s mother was using methamphetamine in the presence of her children. Mother has since relinquished her parental rights to K.J.D. Father was working out of state and the children were removed from the home and placed in kinship placement. Father failed to visit K.J.D. for substantial periods and K.J.D. was adjudicated as a youth in need of care. A treatment plan was approved for Father and the District Court found that Father admitted he had not complied with this plan. A second treatment plan for Father was approved. The District Court found and concluded that Father complied with portions of the second treatment plan but that his compliance was superficial. Testimony at the hearing on the petition for termination indicated that Father demonstrated difficulty putting K.J.D.'s needs before his own, exercised poor judgment, denied his problems, overlooked critical pieces of information in his environment, had problems with empathizing with K.J.D., and had difficulty conveying how he would provide help to K.J.D. if they were reunited. Professional testimony included the opinion that, to a

2

reasonable degree of medical probability, Father was unable to meet the minimum standards to parent a child and that his underlying conditions would not be amenable to change within a reasonable amount of time. Based upon the testimony, the District Court found that Father failed to establish his ability to parent, "further harm would befall KJD if the Court were to decline to sever his parental rights," and that Father would not be able to demonstrate the appropriate parenting skills within a reasonable time. The court entered corresponding conclusions of law and further concluded that it was in the best interests of K.J.D. to terminate Father's parental rights.

¶4 Father challenges the District Court's findings of fact and conclusions of law, arguing that these errors led to the termination of his parental rights in violation of statute and the constitution. He argues that his attorney was ineffective in obtaining expert services and trial testimony.

¶5 "The standard of review of a district court's findings of fact in a parental termination case is whether the findings in question are clearly erroneous." *In re K.C.H.*, 2003 MT 125, ¶ 12, 316 Mont. 13, 68 P.3d 788. "The standard of review of a district court's conclusions of law in such cases is whether its conclusions are correct." *In re K.C.H.*, ¶ 12. When reviewing a district court's determination that a child is abused or neglected, as well as a decision to terminate parental rights, we review for an abuse of discretion. *In re D.H.*, 264 Mont. 521, 524-26, 872 P.2d 803, 805-06 (1994); *In re K.J.B.*, 2007 MT 216, ¶ 22, 339 Mont. 28, 168 P.3d 629. "This Court exercises plenary review of whether a parent was denied effective assistance of counsel in abuse and neglect proceedings." *In re J.J.L.*, 2010 MT 4, ¶ 14, 355 Mont. 23, 223 P.3d 921.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District

Court's findings of facts are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Father was not denied effective assistance of counsel.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ BETH BAKER